UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James R. Rose, ) | Civil Action No.: 0:23-cv-01022-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Palmer, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner James R. Rose, a state prisoner proceeding pro se and in forma pauperis, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] *See* ECF No. 1. This habeas matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Petitioner's § 2254 petition as successive.[2] *See* ECF No. 14.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] As noted in the Report and Recommendation, Petitioner filed this action on a standard form motion pursuant to 28 U.S.C. § 2255, but the Court construes this action as seeking habeas corpus relief pursuant to § 2254 because § 2255 only applies to federal prisoners. *See* ECF No. 14 at p. 2; *see also In re Wright*, 826 F.3d 774, 782–83 (4th Cir. 2016) (noting that an application for habeas relief by a state prisoner being held pursuant to the judgment of a state court should be construed as a § 2254 petition).

[2] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

Petitioner has not filed objections to the R & R, and the time for doing so has expired.[3]  In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing Section 2254 Cases.  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484–85.  In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

Having found no clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No.

---

[3] Petitioner's objections were due by May 19, 2023. *See* ECF Nos. 14 & 15.

14] and **DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED.**

Florence, South Carolina           s/ R. Bryan Harwell
June 2, 2023          R. Bryan Harwell
         Chief United States District Judge